PEOPLE *v.* LEE JOHNSON, JR.

APPEAL AND ERROR—CRIMINAL LAW—INSTRUCTIONS TO JURY—OBJEC-
TIONS.

A party may not assign as error the giving or failure to give an
instruction to the jury unless he objects before the jury retires
to consider its verdict, stating specifically the matter to which
he objects and the grounds of his objection (GCR 1963, 516.2).

Appeal from Kalamazoo, Lucien F. Sweet, J.
Submitted Division 3 December 8, 1970, at Grand
Rapids. (Docket No. 8505.) Decided January 21,
1971.

Lee Ambrose Johnson, Jr., was convicted of
breaking and entering and attempted safecracking.
Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *Donald A. Burge,*
Prosecuting Attorney, and *Stewart D. Fenner, Jr.,*
Assistant Prosecuting Attorney, for the people.

*Edward J. Ryan,* for defendant on appeal.

Before: FITZGERALD, P. J., and QUINN and MC-
INTYRE,* JJ.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

---

REFERENCE FOR POINTS IN HEADNOTE
5 Am Jur 2d, Appeal and Error §§ 533, 535.

Fitzgerald, P. J. Defendant Lee Ambrose Johnson, Jr., was tried by a jury and convicted of breaking and entering an attempted safecracking in violation of MCLA 1970 Cum Supp § 750.110 (Stat Ann 1970 Cum Supp § 28.305) and MCLA § 750.531 (Stat Ann 1954 Rev § 28.799). On November 17, 1969, defendant was sentenced to serve from two to ten years on each of the offenses of which he was convicted. He now appeals as of right.

Testimony elicited during the trial indicated that defendant and four others had driven to the office of the Kalamazoo County Dog Warden on the evening of July 22, 1968. Upon their arrival, the men proceeded to break and enter the premises and remove a safe which was situated in the office. While defendant did not enter the building, he remained in the car and later opened the trunk to facilitate the efforts of his associates who had removed the safe. The parties then adjourned to the home of John McPherson where they could leisurely pursue the task of opening the safe and removing the booty. In an effort to insure the success of the operation, defendant and another man went to locate a crowbar and sledgehammer. When they returned, the safe had already been opened and the proceeds were then distributed among the five participants.

During the trial, the chief witness for the prosecution, James Knight, testified to defendant's participation in the crime. However, under cross-examination, two other *res gestae* witnesses, William Gray and John McPherson, while admitting their own involvement, completely exonerated defendant. In rebuttal, the prosecution called Deputy Sheriff Gilbert Kinney who testified to involvement in the investigation of the breaking and entering at the dog warden's office. While John McPherson

was detained in the county jail, he had given the deputy "an oral statement" which supported the testimony of James Knight, linking defendant to the crime. At the close of Deputy Kinney's testimony, the court admonished the jury as follows:

"Now, members of the jury, let me say a word further about this testimony. You see, Mr. Kinney has testified to a statement that he says McPherson made to him, which is inconsistent with what McPherson told us when he was a witness on the stand. This evidence is permitted to go to you not to prove whether the facts related were true, but to show you, if you believe Mr. Kinney's testimony, that McPherson did make an inconsistent statement, so that you can better weigh his testimony and decide what weight you are to give to his testimony. That is the sole purpose for this evidence coming to you, the evidence consisting of Mr. Kinney's testimony."

Taking the stand in his own behalf, defendant consistently denied any participation in the crime.

With these facts in mind, we shall now consider the sole question raised on this appeal which concerns the failure of the trial court to include in its charge to the jury an instruction on the treatment to be given the testimony of Deputy Sheriff Gilbert Kinney.

Citing cases in support of his argument, defendant contends that error of a reversible nature exists where a trial court fails to instruct the jury on the proper weight accorded testimony relative to a witness's prior inconsistent statements. While the general proposition set forth by defendant is valid, the facts of the present case do not readily lend themselves to such a conclusion. In each of the cases upon which defendant relies, the trial court failed to make the slightest mention of the effect of testimony revealing the inconsistent statements of

a prior witness. More likely than not, a jury would treat such testimony as substantive evidence. The case at hand is therefore distinguished by virtue of the court's admonition subsequent to the testimony elicited from Mr. Kinney.

It is well established within this jurisdiction that a party may not assign error to a court's failure to instruct the jury on a particular point of law or to comment upon some aspect of the evidence unless an objection is raised prior to submission of the case to the jury. This principle is set forth in GCR 1963, 516.2, which states:

"No party may assign as error the giving or the failure to give an instruction unless he objects thereto before the jury retires to consider the verdict, stating specifically the matter to which he objects and the grounds of his objection."

See, also, *People* v. *Keys* (1968), 9 Mich App 482, and *People* v. *Keiswetter* (1967), 7 Mich App 334.

In *People* v. *Pope* (1967), 8 Mich App 231, this Court was faced with a similar fact situation and addressed itself to the failure to specifically instruct on the treatment to be given the prosecutor's comments upon a witness's prior inconsistent statements. Cognizant of the fact that no objection or request for instructions was made, the Court stated (pp 237-238):

"Defendant further contends that the trial court committed reversible error in failing to instruct the jury that the reference by the prosecutor to the prior statements of the witness Wyatt should not be considered as substantive proof, despite the failure to request such instructions. We do not find error in this regard. The charge adequately advised the jury that they were to find the facts solely from the testimony of the witnesses presented."

The record herein discloses that the court admonished the jury that Deputy Sheriff Kinney's testimony "is permitted to go to you not to prove whether the facts related were true, but to show you, if you believe Mr. Kinney's testimony, that McPherson did make an inconsistent statement". This instruction was given at the completion of Kinney's testimony. When the court had concluded its charge to the jury, defendant was given an opportunity to request instructions on anything he may have believed was omitted or erroneous. Despite this opportunity, defendant raised no objection nor did he request further instructions.

In light of these facts, we therefore find that defendant's contention is without merit.

Affirmed.

All concurred.